1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLEEN BURGHART, Administrator of the estate of Nicole Burghart; and LAWRENCE DOLAN, as Guardian ad Litem for H.G., a minor individual,

Plaintiff,

v.

SOUTH CORRECTIONAL ENTITY, a Governmental Administrative Agency; CRYSTAL REHTOLC-CANTU; SCORE JOHN DOES 1-10; NAPHCARE, INC.; ROBIN OLSEN; KERI JAMES; ANGELICA DELEON MCKEOUGH; NAPHCARE JOHN DOES 1-10; TECHCARE JOHN DOE ENTITY,

Defendant.

C22-1248 TSZ

ORDER

THIS MATTER comes before the Court on the joint motion to approve settlement, docket no. 34. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

ORDER - 1

The parties agreed in principle to a settlement whereby all of Plaintiffs' claims against all Defendants will be dismissed with prejudice pursuant to the terms of a mutually confidential settlement agreement, which was appended to the report of settlement guardian ad litem ("SGAL") Lawrence Dolan.

Attorney Lawrence Dolan was appointed as SGAL for minor beneficiary H.G. Dkt. 30. Mr. Dolan's report is filed under seal at Dkt. 37. According to said report, Mr. Dolan approves of the proposed settlement and proposes that minor H.G.'s proceeds be deposited in a professionally managed trust. Through the report, Mr. Dolan also considers and approves attorneys' fees and requests for reimbursement of advanced costs for Plaintiffs' counsel, in addition to the fees and costs for and the Personal Representative.

The Court hereby ORDERS:

1. The Joint Petition to Approve Settlement, Dkt. 34, is GRANTED.

2. Pursuant to Local Civil Rule 17 and Special Proceedings Rule ("SPR") 98.16W, the settlement agreements, provided as Exhibits 1 and 2 to the declaration of J. Nathan Bingham, Dkt. 37, are approved.

3. Charleen Burghart, the personal representative of the estate, and Lawrence Dolan, litigation and SGAL for minor H.G., are authorized to execute confidential full releases, provided as Exhibits 1 and 2 to the declaration of J. Nathan Bingham, Dkt. 37.

4. The Court orders that minor H.G.'s proceeds be held in a special needs trust, pursuant to SPR 98.16W.

ORDER - 2

5. Plaintiffs' counsel shall maintain the portion of the payment allocated to minor H.G. in the Krutch Lindell Bingham Jones, P.S. IOLTA until it is disbursed into the special needs trust.

6. Plaintiffs' counsel shall, within 60 days, file a supplemental SGAL report, under seal, verifying that minor H.G.'s proceeds have been deposited into a trust, as evidence that the Court's order regarding the minor's funds has been carried out.

7. Attorneys' fees and costs for Plaintiffs' counsel as set forth in Mr. Dolan's report are reasonable and approved. Plaintiffs' counsel is authorized to receive said approved fees and costs upon receipt of the payment from the Defendants, which gross payment shall be placed into the Krutch Lindell Bingham Jones, P.S. IOLTA.

8. Mr. Dolan's fees to date are approved. Pursuant to the settlement agreement Defendant NaphCare or its insurer shall pay Mr. Dolan's fees and the costs associated with setting up minor H.G.'s trust.

9. The parties shall file a stipulation dismissing this matter with prejudice upon completion of the requirements above.

10. The SGAL is discharged upon completion of the requirements stated above.

11. The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this __14th__ day of __March__, 2023.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 3